# United States Court of Appeals for the Federal Circuit

04-1502

EDWARD SHOWMAKER,

Plaintiff-Appellant,

v.

ADVANTA USA, INC.
(formally known as Garst Seed Company
and doing business as Garst Seed Company),

Defendant-Appellee.

Ronald E. Osman, Ronald E. Osman & Associates, Ltd., of Marion, Illinois, argued for plaintiff-appellant.

Donald R. Frederico, McDermott Will & Emery LLP, of Boston, Massachusetts, argued for defendant-appellee. With him on the brief were Peter L. Resnik and Scott E. Murray.

Appealed from: United States District Court for the Southern District of Illinois

Judge David R. Herndon

# United States Court of Appeals for the Federal Circuit

04-1502

EDWARD SHOWMAKER,

Plaintiff-Appellant,

v.

ADVANTA USA, INC.
(formally known as Garst Seed Company
and doing business as Garst Seed Company),

Defendant-Appellee.

_____

DECIDED:  June 14, 2005
_____

Before CLEVENGER, RADER, and DYK, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The United States District Court for the Southern District of Illinois dismissed Edward Showmaker's claim that Advanta USA, Inc.'s (Advanta) Soybean Purchase Agreements (Agreement) violated the misbranding provision of the Plant Variety Protection Act (PVPA), codified at 7 U.S.C. § 2568 (1994).  <u>Showmaker v. Advanta USA, Inc.</u>, No. 03-CV-4096-DRH (S.D. Ill. Jan. 14, 2004).  The district court determined that the PVPA "neither creates a substantive right for farmers to save seed not protected by the PVPA nor preempts state contract law."  <u>Id.</u>, slip op. at 10.  The district court also determined that the contractual language in an Agreement attached to Advanta's seed bags did not connote PVPA protection.  <u>Id.</u>  Because the contractual

language in the Agreement did not implicate the PVPA's misbranding provisions, this court affirms.

## I.

Mr. Showmaker is an Illinois farmer, one of many who purchased non-GMO (genetically modified organism) Seed from Advanta. Mr. Showmaker planted Advanta's Garst Brand Seed D445N, Variety 57004, to produce his year 2002 soybean crop. Advanta's Garst Brand D445N is neither patented nor PVPA certified. Advanta has also not filed any certification applications to date. Advanta did, however, attach an Agreement to each of its non-GMO bags, with the following language:

> The soybean seed in this bag contains genetics developed, licensed or owned by Seller. All rights to make, produce or sell seed products derived from this seed reside solely with Seller. Buyer acknowledges this ownership and agrees to the following conditions:
>
> . . . .
>
> Buyer will not resell or supply any of this seed to any other person or entity. Furthermore, Buyer is strictly prohibited from saving or selling, for seed purposes, any grain products from this seed. Buyer further agrees not to alter, or permit the alteration of the seed . . . through either genetic engineering, conventional breeding activities or other techniques.

Mr. Showmaker specifically refers to this portion of the Agreement in his false marking claim under 7 U.S.C. § 2568. The Agreement does not include any reference to the PVPA or to any PVPA certificates.

Mr. Showmaker's attorney informed Advanta of his client's interest in saving D445N non-GMO Seed for future crops. In response, Advanta indicated that "[a]ny attempt by your client to save seed of variety 57004 will breach contractual and/or intellectual property rights." Mr. Showmaker then filed suit on behalf of a class of farmers from eighteen states that had also purchased non-GMO seed from Advanta,

asserting various state and federal claims. The parties eventually agreed to dismiss all claims except the false marking claim. The district court granted Advanta's motion for failure to state a claim upon which relief can be granted. This appeal followed.

## II.

This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1), as the appeal arises from a final decision of a district court whose jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338(a). A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional circuit. C & F Packing Co., Inc. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000). Under seventh circuit law, Rule 12(b)(6) motions are reviewed de novo. Id. citing Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995). "Dismissal is proper only if, after drawing all reasonable inferences in the appellant's favor, it is clear that the appellant can prove no set of facts consistent with his claim that would entitle him to relief." Univ. of W. Va. v. Van Voorhies, 278 F.3d 1288, 1295 (Fed. Cir. 2002).

Section 2568(a) of the PVPA prohibits, inter alia, "[e]ach of the following acts, if performed in connection with the sale, offering for sale, or advertising of sexually reproducible plant material or tubers or parts of tubers:"

(1) Use of the words "U.S. Protected Variety" or any word or number importing that the material is a variety protected under certificate, when it is not.
(2) Use of any wording importing that the material is a variety for which an application for plant variety protection is pending, when it is not.
(3) Use of either the phrase "Unauthorized Propagation Prohibited" or "Unauthorized Seed Multiplication Prohibited" or similar phrase without reasonable basis. Any reasonable basis expires one year after the first sale of the variety except as justified thereafter by a pending application or a certificate still in force.

Because Advanta did not use the specific language required under § 2568(a)(3), "Unauthorized Propagation Prohibited" or "Unauthorized Seed Multiplication Prohibited," and because its contractual language was not a "similar phrase," the district court dismissed Mr. Showmaker's complaint. The district court noted that § 2568(a)(3) "properly understood restricts only markings that falsely indicate that a plant or seed has PVPA protection." Showmaker, slip op. at 10. This court affirms this holding.

Advanta did not reference the PVPA, any issued PVPA certificates, or any pending applications for plant variety protection in its shrinkwrap license Agreements. Thus, the district court correctly perceived no overt attempt to invoke the protections of federal law for seeds that do not qualify for that protection. Section 2568(a)(3), however, also prohibits the use of certain specific terms that the public may associate with federal protections for seed products. Specifically, the phrases "Unauthorized Propagation Prohibited" and "Unauthorized Seed Multiplication Prohibited" are terms of art used throughout the statute to notify prospective users that the PVPA's protections apply. For instance, under 7 U.S.C. § 2567, certificate owners receive damages only if "the infringer has actual notice or knowledge that propagation is prohibited or that the variety is a protected variety." Owners may give this notice by affixing "Unauthorized Propagation Prohibited" or "Unauthorized Multiplication Prohibited" to the variety label. 7 U.S.C. § 2567 (2000). Likewise, § 2541 requires that acts constituting infringement may occur only after either the certificate issues or after a distribution of a protected plant variety with the above notice language affixed under § 2567.[1] 7 U.S.C. § 2541

---

[1] See also 7 U.S.C. § 2561 (1995); 7 C.F.R. § 97.140-97.142 (1996) (authorizing use of phrases "Unauthorized Propagation Prohibited" and "Unauthorized

(2000). The PVPA re-emphasizes the importance of these terms by making the use of seeds so marked acts of infringement. Id. § 2541(a)(5).

The legislative history confirms the importance of these precise statutory terms. The House Report, for instance, shows the use of exact terms to give notice of statutory protections:

> Three sections of the bill deal with language used to give notice that the variety is protected under the provisions of the Plant Variety Protection Act. Currently the Act uses the term "Propagation Prohibited". Taken literally, this phrase could be interpreted to mean seed purchased for sowing could not be planted. This is not the proper interpretation of the Act and addition of the word "Unauthorized" is intended to correct possible misinterpretation.

H.R. Rep. No. 96-1115, at 7 (1980), reprinted in 1980 U.S.C.C.A.N. 6954, 6959. Thus, the phrase "Unauthorized Propagation Prohibited" provides notice of the PVPA's protections. Consistent with the precision accorded each statutory word, the "similar" requirement of § 2568(a)(3) also does not permit a wide variance from "Unauthorized Propagation Prohibited" or "Unauthorized Seed Multiplication Prohibited." Because Advanta's contract language in no way conveys PVPA protection nor uses any term confusingly similar to the terms in § 2568(a)(3), the district court correctly held there was no legitimate claim under the PVPA. Showmaker, slip op. at 10.

Advanta contractually prohibited its buyers from "saving or selling, for seed purposes, any grain products from its seed." The contract further prohibited any "alternation of the seed through genetic engineering, conventional breeding, or other techniques." This contract language restricts use of Advanta's seeds. The prohibitions in the Agreement, however, are not similar to "Unauthorized Propagation Prohibited" or

---

Seed Multiplication Prohibited" where the owner has applied for a PVPA certificate, the owner contemplates filing an application, or upon issuance of a certificate).

"Unauthorized Seed Multiplication Prohibited." Unlike these terms of art, Advanta's contract language did not put the potential purchaser or the public on notice of a plant variety owner's rights. Rather, the agreement merely restricts some activities of the buyer. Like any contract, these terms bind only the parties. Thus, Advanta does not engage in false marking. Mr. Showmaker can prove no set of facts upon which relief can be granted. Dismissal was therefore appropriate.

Because we have before us no claim by Showmaker for declaratory or injunctive relief that Advanta's contract is preempted by federal law and because Advanta asserts no state law claims seeking enforcement of its contract, this court need not reach Showmaker's argument on appeal that state contract law is preempted by federal law.

III.

This court affirms the district court's dismissal of Mr. Showmaker's PVPA false marking claim under 7 U.S.C. § 2568.

COSTS

Each party shall bear its own costs.

AFFIRMED